■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SCHREINER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered April 13, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Lakritz, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to a psychiatrist retained by the District Attorney's office.

Ordered that the judgment is affirmed.

The instant charges arose out of a September 1979 incident during which the defendant, armed with a metal "angle-iron" pipe, struck Jamie Amsterdamer, thereby killing him. While the defendant was questioned by police in 1979 concerning the Amsterdamer homicide, he was not then charged with the crime.

Subsequently, in an unrelated matter, charging the defendant with attempted murder in the second degree, the defendant entered a plea of not responsible by reason of mental disease (CPL 220.15) and he was civilly committed to the Mid-Hudson Psychiatric Center (hereinafter MHPC). In March of 1986, the doctors at MHPC applied for a court order, pursuant to CPL 330.20 (11), to transfer the defendant to a nonsecure facility. In the course of a court-ordered interview with a psychiatrist retained by the Queens County District Attorney's office, the defendant admitted that he had beaten Amsterdamer to death. The psychiatrist reported the defendant's statements to the District Attorney and the defendant was subsequently indicted for the Amsterdamer homicide.

That branch of the defendant's omnibus motion which was to suppress the use of the statements made by him to the psychiatrist on the grounds that he was not given his *Miranda* warnings and was deprived of effective assistance of

counsel was denied. In addition, the trial court denied, after a hearing, the defendant's motion *in limine* to suppress the statements to the psychiatrist on the additional ground that the statements were the product of hypnotic suggestion.

Contrary to the defendant's contention, the hearing court properly found that the defendant was not entitled to *Miranda* warnings nor was he deprived of the effective assistance of counsel *(see, Ughetto v Acrish,* 130 AD2d 12, 20; *cf., Estelle v Smith,* 451 US 454).

Further, the trial court properly found that the defendant's statements regarding the Amsterdamer homicide were not the product of hypnotic suggestion or confabulation.

The defendant's other contentions are without merit. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.